CHAPMAN *v.* BOYCE.

Partial payment of a note by the maker or by another and in his presence and at his request, is evidence of a new promise sufficient to prevent the bar of the statute of limitations.

ASSUMPSIT, upon a note made by the defendant to the plaintiff, for $204.18 and interest, dated 28th of February 1837, and payable on demand. The plea of general issue was filed accompanied with a brief statement, that the cause of action did not accrue within six years next before the 6th day of November 1843, the day of the date of the writ. On the 28th day of February 1837, the defendant drew an order in favor of the plaintiff in the words following:

"PETERBOROUGH, Feb'y 28, 1837. Messrs. A. Pevey & Co.: Please to pay Gates Chapman 31 cents per day of my wages, for one month, commencing the first day of May, and twenty-five cents per day for two months, commencing the first day of June, and to be indorsed on a note said Chapman holds against me.

PAUL BOYCE."

Said order was accepted by A. Pevey & Co.

On the 14th of November 1837, A. Pevey & Co. paid the sum of $2.40 pursuant to said order. At that time the note and order were in the hands of Moses Chapman to collect, and payment was made by A. Pevey & Co. to said Moses Chapman in presence of Boyce, and by his consent, and was then indorsed on the note. Judgment is to be rendered for the plaintiff for the amount due on the note; otherwise for the defendant for his costs, as the opinion of this court may be upon the foregoing facts agreed to by the parties.

*Walker & Steele,* for the plaintiff.

*G. Y. Sawyer*, for the defendant. There is no evidence of a new promise, for the reason that though the payment was within six years, the drawing of the order, which is all the evidence of a new promise which the case presents, was prior to that time. Payment by the acceptor of the order can not avail.

If the defendant was present and did not dissent from the act of the acceptor in paying the money, it did not amount to any recognition of the debt on his part. It was simply an omission to dissent from the order that he had given.

A bill drawn and accepted to pay a debt, is no evidence of a new promise made at any other time than at the drawing. 3 Barn. & Ad. 57; 1 Barn. & Ad. 463.

WOODS, J. In the case of the *Exeter Bank* v. *Sullivan*, 6 N. H. 124, it was said, that a partial payment of a debt by a party who has contracted it, was a sufficient acknowledgment of its existence, and of the party's liability in regard to it, to raise the inference of a new promise to pay it, and thus prevent the operation of the statute of limitations.

The point came directly before us in the recent case of *Kenniston* v. *Avery*, Grafton, July term, 1844, and it was there expressly decided, that the promise of one partner during the existence of the firm, or during the period in which the party to whom the promise was made had a right to consider the partnership as being in existence, had the effect of reviving the debt against both; and that a partial payment of the debt was tantamount to an express promise, it being evidence of the party's recognition of the debt and his liability from which the law implies a promise.

This case finds that a payment was made by Pevey at the request and in the presence of the defendant, and by his consent, within six years next before the commence-

ment of the action. This is the same thing as if the payment had been made by the party himself, and therefore concludes all question. It is evidence on which a jury might find a new promise. Judgment must accordingly be ordered for the plaintiff.

*Judgment for the plaintiff.*